UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BIG CAT RECORDS, LLC,                          :     07 Civ. 8161 (BSJ)

       Plaintiff,                                          :

   -against-                                            :     **COMPLAINT**

La FLARE ENTERTAINMENT, LLC,              :

       Defendant.                                         :
------------------------------------------------------------X

    Plaintiff Big Cat Records, LLC, by its attorneys, Eisenberg Tanchum & Levy, for its complaint alleges as follows.

The Parties

1. Plaintiff Big Cat Records, LLC ("Big Cat") is a limited liability corporation duly organized and existing under the laws of the State of Georgia and having its principal place of business at 500 Bishop Street, Suite E-5, Atlanta, Georgia 30318. At all relevant times plaintiff Big Cat was and continues to be engaged in the business of, among other things, manufacturing, distributing and otherwise commercially exploiting phonorecords and other derivatives embodying the musical performances of artists.

2. Defendant La Flare Entertainment, LLC ("La Flare") is, upon information and belief, a corporation, not a limited liability corporation, existing under the laws of the State of Georgia and having its principal place of business at 3021 Oakmont Drive, Douglasville, Georgia 30135. Upon information and belief, at all relevant times defendant La Flare was and continues to be a company owned and controlled by Radric Davis, a performer professionally known as "Gucci-Mane" (the "Artist"), and which loans out Artist's services to third parties.

## Jurisdiction and Venue

3. The jurisdiction of this Court is based upon 28 U.S.C. Sections 1331 and 1338(c) in that the controversy arises under an Act of Congress relating to copyright; to wit, the copyright laws of the United States (17 U.S.C. Section 101 *et seq.*) This action, to the extent that it seeks declaratory relief, is also brought under 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper under 28 U.S.C. Section 1391(b) in that a substantial part of the events giving rise to the dispute and claims occurred and will occur in the City, State and Southern District of New York.

## The Facts

5. Plaintiff Big Cat and defendant La Flare entered into an agreement dated January 20, 2005, pursuant to which they created a joint venture to distribute master recordings containing the performances of the Artist.

6. This agreement, subsequently amended in writing by a document dated June 3, 2005, provided that La Flare would provide to plaintiff Big Cat a minimum of one album containing the performances of Artist, and, at plaintiff Big Cat's option, three additional albums of such material. In addition, plaintiff Big Cat and defendant La Flare would jointly own an undivided fifty percent interest in all the recordings furnished by defendant La Flare in accordance with the terms of the agreement. (The agreement, as amended, is hereinafter referred to as the "Agreement").

7. The Agreement further states that defendant La Flare would provide the recordings to plaintiff Big Cat and that plaintiff Big Cat would contribute the distribution, marketing, promotion and artist-development services for such recordings.

8. Although defendant La Flare did not fully fulfill its obligations under the Agreement, in that it failed to pay for the creation of the recordings, with the result that plaintiff Big Cat undertook this burden, it did, nevertheless, create for plaintiff Big Cat recorded material containing the performances of the Artist sufficient to create multiple albums.

9. On May 25, 2005 plaintiff Big Cat released to the public an album containing Artist's recorded performances entitled," Trap House," followed by the October 2006 release of a second album of Artist's recordings entitled, "Hard To Kill."

10. Both albums enjoyed critical and economic success, especially the second album which spawned the hit single entitled, "Freaky Gurl."

11. In the wake of this success, defendant La Flare and Artist sought a release from his contractual obligations to plaintiff Big Cat so that Artist could have his recordings released by a larger record company.

12. In the Summer 2006, plaintiff Big Cat, at the request of defendant La Flare, entered into negotiations with the Atlantic Recording Corporation ("Atlantic"), a large record company based in New York, New York, and, upon information and belief, part of the Warner Bros. Music conglomerate, to explore the possibility of Atlantic acquiring the rights to Artist's recording services.

13. These negotiations resulted in an agreement being entered into between plaintiff Big Cat and Atlantic dated November 16, 2006 pursuant to which, for purposes of permitting Atlantic to acquire Artist's recording services, the Agreement was "deemed to be terminated" as of

November 17, 2006 and the obligation of La Flare and Artist to record, produce or deliver to plaintiff Big Cat further recordings was extinguished. (the "Atlantic/Big Cat Agreement").

### Nature of Dispute

14. Plaintiff Big Cat has scheduled for September 25, 2007, the release of a third album of recordings embodying the performances of Artist. (the "Third Album").

15. The Third Album will be released under the supervision of New York, New York–based Tommy Boy Entertainment which acts both as the distributor and consultant to plaintiff Big Cat, and uses as its sub-distributor, ADA, which is also based in New York, New York..

16. Defendant La Flare has demanded that plaintiff Big Cat not release the Third Album, threatening to sue plaintiff Big Cat for copyright infringement if plaintiff Big Cat proceeds with its plans.

17. Defendant La Flare, in support of its position, contends that the Atlantic/Big Cat Agreement terminated the joint venture formed by the Agreement and effectively ended plaintiff Big Cat's right to distribute the Third Album or any other recordings embodying the performances of Artist, possibly including even those contained on the first two albums released by plaintiff Big Cat (entitled "Trap House" and "Hard To Kill").

18. Defendant La Flare further argues that some, if not all, of the recordings contained on the Third Album are recordings of compositions that have not been previously recorded and publicly released and that, as a result, a first use license is required from the author of the songs, the Artist, before plaintiff Big Cat can commercially exploit the Third Album.

19. Plaintiff Big Cat refutes defendant La Flare's allegations by noting that the recordings contained on the Third Album were made prior to November 17, 2006 by Artist for plaintiff

Big Cat to distribute, market, and promote as part of the Agreement and, that there is nothing in the Atlantic/Big Cat Agreement which prohibits plaintiff Big Cat from commercially exploiting such recordings or the previously released recordings.

20. Plaintiff Big Cat also notes that La Flare in the Agreement agreed to provide plaintiff Big Cat the licenses required for the use of the songs written by Artist and performed by him in recordings delivered to plaintiff Big Cat pursuant to the terms of the Agreement.

## First Claim
(Declaratory Judgment)

21. Plaintiff Big Cat repeats and realleges each and every allegation set forth in paragraphs 1 through 20 hereof with the same force and effect as if fully set for the herein.

22. In order to resolve this controversy, plaintiff Big Cat requests that, pursuant to 28 U.S.C. Section 2201, this court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare that plaintiff Big Cat has the right to commercially exploit all recordings created prior to November 17, 2006, by defendant La Flare embodying the performances of Artist, and that such commercial exploitation shall not constitute acts of copyright infringement.

## Proprietary of Declaration

23. An actual case and controversy exists sufficient for this court to declare the rights and remedies of the parties in that there is a dispute between the parties concerning plaintiff Big Cat's rights in certain recordings and whether plaintiff Big Cat can commercially exploit such recordings without exposing itself to liability to defendant La Flare.

24. Plaintiff Big Cat has the requisite standing to request this declaration since it is the party which will be liable to defendant La Flare in the event that defendant La Flare prevails on its claims of copyright infringement.

25. This controversy is ripe for determination at this time because: (a) plaintiff Big Cat's release of the Third Album is scheduled for September 25, 2007, and any delay in such release will have devastating effects both on the viability of the recording in the marketplace, and on the ability of plaintiff Big Cat to continue to operate its business; (b) defendant La Flare has given plaintiff Big Cat notice that it intends to commence litigation against plaintiff Big Cat accusing it of copyright infringement if plaintiff Big Cat releases the Third Album; and (c) plaintiff Big Cat continues to exploit its previously released first and second albums consisting of Gucci Mane recordings.

Second Claim<br>(Estoppel)

26. Plaintiff Big Cat repeats and realleges each and every allegation set forth in paragraphs 1 through 25 hereof with the same force and effect as if fully set for the herein.

27. As a result of the foregoing, defendant La Flare is estopped from commencing a civil action against plaintiff Big Cat as a result of Big Cat's release of the Third Album or any other recordings containing Artist's performances that were created pursuant to the Agreement prior to November 17, 2006.

WHEREFORE, Plaintiff Big Cat Records, LLC prays that this court:

A. renders a declaratory judgment providing that plaintiff Big Cat Records, LLC has the right to commercially exploit all recordings created prior to November 17, 2006, by defendant La Flare embodying the performances of Artist and that such commercial exploitation shall not constitute acts of copyright infringement.

B. enters an order enjoining defendant La Flare Entertainment, LLC, or any of its agents, licensees, representatives or assignees, from commencing a civil action against plaintiff Big Cat Records, LLC, or any of its agents, licensees, representatives or

assignees based on plaintiff's commercial exploitation of the Third Album or any other recordings of Artist created prior to November 17, 2006.

C. awards plaintiff Big Cat Records, LLC its costs and disbursements incurred in this suit, together with a reasonable allowance for counsel fees as provided by Section 505 of the Copyright Act, 17 U.S.C. Section 505.

D. grants such other and further relief as the court may deem just and proper.

Dated: New York, New York
September 18, 2007

EISENBERG TANCHUM & LEVY
Attorneys for plaintiff Big Cat Records, LLC

By: _____
Stewart L. Levy (SLL-2892)
675 Third Avenue
New York, New York 10017
(212) 599-0777
Email: Slevy@etllaw.com

*James E. Doherty*
JAMES E. DOHERTY (JD 1596)